## Metropolitan Properties Corporation, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 45032.   Promulgated September 29, 1931.

*S. Leo Ruslander, Esq., Samuel Kaufman, Esq.,* and *George R. Beneman, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* and *K. M. Morawski, Esq.,* for the respondent.

222

OPINION.

MURDOCK: We can not agree with the petitioner that the sale of its interest in the Keystone property took place in 1927. The petition contains an allegation that the sale was consummated in accordance with the terms of the contract. The respondent admitted this allegation and treated the conveyance as a sale made in 1926. The conveyance is dated December 31, 1926, and there is no evidence that it was not executed on that date. There is some evidence that another instrument dated December 31, 1926, construing a provision of the conveyance, was not executed until 1927, but this proves nothing in regard to the conveyance.

Counsel for the petitioner stated that there was no dispute as to the amount of the gross profit. He also stipulated that the sale price was $1,100,000 and that the basis for determining gain was $599,-663.12. Thus, the gross profit would be $500,336.88. The respondent agrees to this figure. Despite these circumstances the petitioner, by an amendment at the hearing, seeks to have us reduce the profit by $85,000 because of the alleged worthlessness of certain notes which were to be assigned to it as part of the consideration. But the notes were to be selected by the bank and delivered not at once, but within a year from December 31, 1926. Apparently they were not selected or delivered in 1926, and we do not know when they were selected or delivered. Furthermore, there is evidence that the notes as finally delivered were not worthless. This point seems to be an

afterthought on the part of the petitioner's counsel. We can not say that the petitioner knew in 1926 that it was to receive worthless notes. Nor can we hold that the purchase price should be reduced by the amount of the notes.

In the alternative, the petitioner contends that the sale was a sale or other disposition of property in which "the initial payments do not exceed one-fourth of the purchase price" within the meaning of section 212(d) of the Revenue Act of 1926, and the income to be reported on the basis of an installment sale is approximately five-elevenths of $100,000, the alleged initial payment. It claims that the fact that the purchaser took subject to the liens of two deeds of trust does not need to be considered in determining the "initial payments" and cites *Schneider, Trustee* v. *Lucas*, decided by a District Court. On its theory the entire profit will not be returned as income until such time as the liens are discharged. Counsel for the petitioner contends that the initial payment of $100,000 was not received in 1926. An employee of the purchaser bank testified that he credited the $100,000 to the petitioner's account on January 3, 1927. But he was not present when the transaction took place on December 31, 1926, the deed acknowledges receipt of the amount on December 31, 1926, and in the return for 1926 there is the statement that the $100,000 was paid in cash in 1926. Therefore, if it is important, we hold that this payment was received in 1926.

The respondent now contends that he made a mistake in treating this as an installment sale. He points to T. D. 4255, Cumulative Bulletin VIII-1, p. 165, which amended article 44 of Regulations 69, as follows:

In the sale of mortgaged property, the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall be included as a part of the "purchase price," but the amount of the mortgage, to the extent it does not exceed the basis to the vendor of the property sold, shall not be considered as a part of the "initial payments" or of the "total contract price," as those terms are used in section 212(d), in articles 42 and 45, and in this article.

Here the amount of the mortgage exceeds the basis to the vendor by $200,336.88, so the respondent insists that the "initial payments" include $100,000 in cash and $200,336.88; $300,336.88 is more than one-fourth of $1,100,000, the purchase price; therefore, section 212(d) has no application; and the petitioner, on an accrual basis, should be required to accrue and report as income in 1926 the full amount of the purchase price which the purchaser agreed in 1926 to pay over a period of time. We agree with the respondent. See *Lucas* v. *Schneider*, 47 Fed. (2d) 1006, reversing the case relied upon by the petitioner and distinguishing several Board cases.

In 1926 the petitioner issued $3,300,000 par value of its bonds, which were secured by liens on certain of its property, including the Keystone Building property. The purchaser of these bonds paid 10 per cent less than the par value. The Keystone Building property could be released from the lien of these bonds by payment of $800,000, eight thirty-thirds of the total par value of the bonds. The petitioner contends that, if it sold the property in 1926, it should be entitled to deduct, for 1926, $79,345.46 as unamortized discount on these bonds. The Commissioner has already allowed $2,750 of the amount claimed. Following *S. & L. Building Corporation,* 19 B. T. A. 788, which is not distinguishable in principle, we hold that the portion of the unamortized discount allocable to the Keystone Building should be deducted when that building was sold subject to the lien of the mortgage.

The petitioner had agreed to pay interest on some amount beginning April 1, 1926. A dispute arose as to the payment of this interest, which was compromised by the petitioner giving its note for $150,000, dated December 21, 1926, in full payment of all interest due under the agreement. This amount is a proper deduction for 1926 under section 234 (a) (2) for interest accrued.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*